IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. 2:25-cr-02558-SMD

GREGORY VANDENBERG,

    Defendant.

## ORDER CONTINUING TRIAL

This matter is before the Court on Defendant's objections to the government's amended exhibit list (Doc. 100).[1] This matter is currently set for jury trial on December 9, 2025. It appearing that the ends of justice served by continuance outweigh the best interest of the public and Defendant in a speedy trial, the Court continues the trial setting.

On December 3, 2025, this Court held a hearing on Defendant's objections to the government's exhibit list. The government's exhibit list included 77 audio files with "Jail Call" in the description. Shortly before the hearing, the Court learned that at least one of these files appeared to contain privileged communications between Defendant and his attorney. Counsel for the government stated at the hearing that the government was unaware of any exhibits containing privileged attorney-client communications, that it would need to review the calls, and that it did not intend to offer most of the "Jail Call" exhibits. Defense counsel similarly was unaware that

---

[1] The government filed its initial exhibit list (Doc. 65) on November 17 and its amended exhibit list (Doc. 89) on November 30. On December 2, approximately two hours before Defendant filed his objections to the government's amended exhibit list (Doc. 100), the government filed a second amended exhibit list (Doc. 99). Because the "Jail Call" exhibits discussed in this Order appear in all three versions (*see* Doc. 65 at 8–12, Doc. 89 at 10–14, Doc. 99 at 10–14), the Order refers to "the government's exhibit list."

the government's exhibit list included any privileged communications, and estimated that he had reviewed approximately 40 of the "Jail Call" recordings.

Defendant also advised the Court that counsel had only recently obtained access to the materials downloaded from Defendant's phone. The existence of the files was disclosed to current defense counsel following his appointment in September 2025. However, due to the file size, the government was unable to upload the files to their electronic disclosure system, "USAfx," and defense counsel was not able to provide a hard drive with sufficient capacity until November 12. The government turned over the hard drive to defense counsel on November 25. On November 28, defense counsel notified the government of issues accessing the materials, and the government worked to resolve those issues over the next few days. Because counsel had been unable to access the phone download until earlier in the week, Defendant asserted that the disclosure was untimely. Due to the limited time remaining to prepare for trial, Defendant moved to exclude the contents of the phone download. *See* Doc. 100 at 1 ("The defendant hereby objects to the introduction of any item of evidence not properly disclosed.").

District courts consider three principal factors in determining the appropriate sanction for violating a scheduling order: (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) the feasibility of curing the prejudice with a continuance. *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988); *see also United States v. Yepa*, 608 F. App'x 672 (10th Cir. 2015). The court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order. *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999). Exclusion is ordinarily only appropriate where a party acts in bad faith or lacks any legitimate reason for delay. *Yepa*, 608 F. App'x at 678.

Here, Defendant does not assert that the government acted in bad faith. However, defense counsel argues that the prejudice "cannot be understated" as counsel is unable to review the materials prior to the December 9 trial date, and a continuance is not feasible because his client opposes any delay in proceeding to trial. The Court agrees that the parties have not acted in bad faith and finds that a continuance would cure the risk of prejudice to Defendant.

District courts have broad discretion in setting trial dates. *See, e.g.*, *United States v. Boyd*, 138 F.4th 1079, 1082–83 (8th Cir. 2025) (district court's text order stating that "deadlines and trial date are canceled pending resolution of [] Motion to Suppress and [] Motion to Dismiss" was sufficient to support its sua sponte ends-of-justice continuance); *United States v. Gay*, 98 F.4th 843, 845 (7th Cir. 2024) (district court did not abuse discretion by sua sponte advancing retrial date, stating that later date might push trial into holiday period that could make jury selection difficult). Although open-ended continuances are not prohibited per se, it is preferable to set a specific ending date for a continuance. *United States v. Spring*, 80 F.3d 1450, 1458 (10th Cir. 1996).

The Court notes that Defendant vigorously opposes any continuance of the current trial date. The government also represents that it is ready to proceed to trial on December 9, 2025. However, the parties do not dispute that Defendant's speedy trial clock time had not run as of December 3, 2025. Moreover, in light of the privileged attorney-client communications that were not only included in the government's exhibit list but submitted to the Court on December 1, 2025, it is clear that neither the government nor Defendant has reviewed all the exhibits in this case. It would be a miscarriage of justice for Defendant not to have adequate time for his counsel to complete discovery review and conduct investigation in order to prepare for trial.

It appearing that the ends of justice served by continuance outweigh the best interest of the public and Defendant in a speedy trial, the Court continues the trial setting for 27 days to January 5, 2026. The government shall file a third amended exhibit list containing only the final exhibits it intends to offer at trial no later than December 12, 2025. Defendant's request to exclude the contents of Defendant's phone download is denied. The remainder of Defendant's objections (*see* Doc. 100) to the government's exhibit list will be addressed in a separate forthcoming order.

IT IS HEREBY ORDERED that the trial setting is continued for 27 days.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between the entry of this Order and trial shall be excluded for purposes of the Speedy Trial Act.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**