IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 25-2558-SMD |
| ) | |
| vs. ) | |
| ) | |
| GREGORY VANDENBERG, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' NOTICE REGARDING SELECTED PRETRIAL MATTERS**

In order to assist the Court in addressing any remaining pretrial matters before the jury trial that is set to begin on January 5, 2025, the United States hereby provides notice of the following matters that it wishes to address before trial:

**I.   EXHIBITS**

Exhibit 36 and 38 replacing Exhibit 21. The United States has filed a Fourth Amended Exhibit List that makes four minor updates to the previous list. First, the United States is seeking to admit Exhibits 36 and 38 (exhibits that the United States had previously withdrawn) in lieu of Exhibit 21. The United States initially intended to offer Exhibit 21 (a picture inside both passenger doors) to show that Defendant lived out of his vehicle. Agent Monahan, who oversaw the search of the Bronco, will testify, however, that the Exhibit 21 photo was taken *after* the contents of the vehicle were searched. Nevertheless, Agent Monahan will testify that Exhibits 36 and 38 (pictures inside both passenger doors) were taken before the FBI search team searched the contents of the vehicle. As a result, the United States now seeks to use Exhibits 36 and 38 to show that Defendant lived out of his vehicle.

Exhibit 279 replacing Exhibit 63. Similarly, the government seeks to introduce Exhibit 279 in lieu of Exhibit 63. Exhibit 63 shows a photo of the trunk space after the contents of the vehicle were searched. Exhibit 279, however, as Agent Monahan will testify, shows the trunk space of the vehicle—as the FBI search team discovered it before the team began searching the contents of the vehicle. This photo shows Defendant's sleeping bag next to the bag of mortar round fireworks that he purchased.

Requesting reconsideration of Exhibit 33. This exhibit was initially offered to show that Defendant lived out of his vehicle. There are now two important pieces of information, which were not previously addressed, that substantially increase the probative value of this exhibit. First, Agent Monahan will testify that this exhibit was taken *before* the contents of the vehicle were searched by her team—i.e., that this photo was not taken after her team "tossed" the vehicle. More importantly, however, this exhibit—which shows a pink role of duct tape that was left in the Defendant's front passenger seat (and not far from the fireworks he was sleeping next to)—is relevant because Joe Ramirez will testify that Defendant discussed *taping* two or three mortar round fireworks together and throwing them at law enforcement officials.

Addition of Exhibit 280. This exhibit is a photo of Bowlin's Fireworks sign on I-10 west, shortly before exit 42 (the exit for Bowlin's).

## II.   LIKELY OBJECTIONS TO CERTAIN CHARACTER EVIDENCE

To the extent that Defendant wishes to inquire on cross-examination into Joe Ramirez's criminal history, the United States intends to object to such questioning under Rules 401, 403, and 404, and 608. Joe Ramirez chased someone a number of years ago because that individual sexually assaulted one of Joe's relatives. Joe was never formally arrested or charged with any crime. Instead, he received a sort of informal "probation" where no charges would be pursued so long as

he did not commit any offenses. Likewise, to the extent Defendant wishes to inquire on cross-examination into Shannon Fitzpatrick's use of methamphetamine approximately 40 years ago when she was having a hard time in her life, the United States intends to object to such questioning pursuant to the same Federal Rules of Evidence.

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except as provided by Federal Rules of Evidence 607, 608, and 609. Fed. R. Evid. 404(a). Specific instances of the conduct of a witness, other than conviction of a crime, are not broadly admissible to attack a witness's credibility. Rather, "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b). Although Rule 608(b) provides that specific instances of misconduct may be admissible to impeach a witness, "that rule does not require or even imply that every negative bit of evidence existing concerning a witness may be dragged into a case no matter how remote or minor the alleged misconduct." *United States v. Lafayette*, 983 F.2d 1102, 1106 (D.C. Cir. 1993).

### III.  LAY TESTIMONY OF AGENT MACDERMOTROE

In addition to the exhibits and testimony discussed in the Court's order (Doc. 125), the United States requests that Agent MacDermotRoe be permitted to provide lay testimony that the term "kike"—a term that most people are aware of—is simply an ethnic slur for a Jewish person. *See* Trial Exhibit 278 (A text message that Defendant sent on 5/20/25 in which Defendant refers to Jewish people as "kikes"). Unlike an ancient biblical reference to an obscure historical figure (e.g., Amalek), the term "kike" is *widely* recognized as a derogatory term for a Jewish individual. In other words, the simple—and widely understood—meaning of this term as an ethnic slur is an "observation[ ] that [is] common enough and require[s] a limited amount of expertise, if any."

*James River Ins. Co. v. Rapid Funding*, LLC, 658 F.3d 1207, 1214 (10th Cir. 2011); *see, e.g.*, Merriam-Webster Dictionary, www.merriam-webster.com/dictionary (listing kike (noun) as "an insulting and contemptuous term for a Jewish person").  One does not therefore need not need "scientific, technical, or other specialized knowledge," Fed. R. Evid. 701(c)—such as particular academic or professional qualifications—to briefly identify this widely understood ethnic slur.

## IV.  POWERPOINT PRESENTATION FOR OPENING STATEMENT

The United States intends to use a PowerPoint presentation as part of its opening statement. To the extent the Court would like the United States to provide a copy of this presentation to the Court and defense counsel in advance of trial, the United States can provide a copy of this presentation once it is finalized early next week.

Respectfully Submitted,
TODD BLANCHE
Deputy Attorney General
RYAN ELLISON
Acting United States Attorney

_____
GRANT B. GARDNER
JONI AUTREY STAHL
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I
electronically filed the foregoing using
the CM/ECF system which will send notification to
defense counsel of record by electronic means.

*Electronically Filed on 12/23/2025*
GRANT B. GARDNER
Assistant United States Attorney